Case 5:24-cv-00061-JHY-JCH   Document 64   Filed 12/23/25   Page 1 of 7
Pageid#: 560

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
December 23, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| German Quintanilla, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:24-cv-00061 |
| | ) | |
| Landstar Ranger, Inc. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff German Quintanilla's motion to remand. (Dkt. 57.) Because this court lacks subject matter jurisdiction over this action, the court will grant the motion and remand this case to the Circuit Court of Frederick County. The court will also deny as moot Defendants Dushawn Nelson and DCAA Trucking, Inc.'s motions to dismiss. (Dkts. 49, 51.)

**I.   Background**

On July 18, 2022, Quintanilla was sleeping in his tractor trailer at a truck stop.[1] (Am. Compl. ¶ 13 (Dkt. 42).) He was awoken "by a loud noise and a violent jolt," which threw him from his sleeping berth. (*Id.* ¶¶ 14–15, 21.) Upon investigation, he found that his tractor trailer "had been hit and had sustained significant damage." (*Id.* ¶ 17.) A nearby truck driver

---

[1] The following facts are taken from Quintanilla's amended complaint, as well as the parties' briefing, and are assumed true for purposes of resolving this motion. *See Sherr v. S.C. Elec. & Gas Co.*, 180 F. Supp. 3d 407, 413 n.2 (D.S.C. 2016) ("On a motion to remand for lack of subject matter jurisdiction, the court may consider materials outside of the complaint including 'documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis' and may assume the truth of facts raised in the complaint that are non-jurisdictional." (internal alterations omitted) (quoting *BGC Partners Inc. v. Avison Young (Canada) Inc.*, No. 2:15-CV 02057-DCN, 2015 WL 7458593, at *1 n.2 (D.S.C. Nov. 24, 2015))).

provided Quintanilla with footage from his onboard camera, showing that "an 18-wheeler with a Landstar logo" had hit Quintanilla's tractor trailer and kept driving. (*Id.* ¶ 19–20.) Quintanilla was injured and required medical treatment. (*Id.* ¶ 21.)

Quintanilla initially filed suit in the Circuit Court of Frederick County against Defendants Landstar Ranger, Inc.; Landstar Inway, Inc.; Landstar Gemini, Inc.; Landstar Ligon, Inc.; Landstar Express America, Inc.; and Landstar Systems, Inc. (collectively, "Landstar") and Defendant "John Test." (Dkt. 1-2 at 2–3.) Quintanilla alleged negligence, gross negligence, and willful or wanton negligence and sought $2,000,000 in compensatory damages. (*Id.* ¶¶ 21–48.) In his complaint, Quintanilla named "John Test" as the driver of the Landstar tractor trailer upon information and belief. (*Id.* ¶ 8.) However, Quintanilla stated that he could not "learn with certainty the name of th[e] fleeing driver" and relied on a verbal indication from Landstar's property damage adjuster that the driver's name was "John Test." (*Id.* ¶¶ 8–9.)

Quintanilla served Landstar with discovery requests in July 2024, while the case was in state court. (Dkt. 1-3.) In his requests, Quintanilla asked Landstar to "[i]dentify the driver of the Landstar tractor-trailer." (*Id.* at 6, 20, 34.) Soon after, Landstar informed Quintanilla's counsel that the name "John Test" was an alias used for an unknown individual—the equivalent of "John Doe." (Dkt. 21 at 1; Dkt. 22 at 5 ("[A]fter filing his Complaint . . . Plaintiff was made aware that Landstar uses John Test as an alias.").) Around that time, Landstar filed an answer in state court denying that it was involved in the accident, (Dkt. 1-4), and removed the action to this court, (Dkt. 1).

On January 27, 2025, Landstar "produced an Intake Form that listed" Dushawn Nelson as the driver of the tractor trailer that hit Quintanilla. (Dkt. 22 at 2.) However, Landstar "den[ied] that it kn[ew] the identity of the individual operating the black tractor and den[ied] that any such driver was an agent of Landstar." (*Id.*)

On February 7, 2025, Quintanilla moved to amend his complaint under Federal Rule of Civil Procedure 15(a)(2) and substitute Dushawn Nelson for "John Test." (Dkt. 21 at 3–4.) Quintanilla also sought to add DCAA Trucking, Inc. ("DCAA")—the trucking company that Nelson managed—as a named defendant. (*Id.*) The Honorable U.S. Magistrate Judge Joel C. Hoppe granted Quintanilla's motion to amend the complaint on September 5, 2025. (Dkt. 39.) Quintanilla filed an amended complaint that same day, adding Nelson and DCAA as defendants, with the same causes of action as his initial complaint. (Dkt. 42 at ¶ 8–9, 22–53.)

On October 22, 2025, Quintanilla filed the present motion. (Mot. to Remand (Dkt. 57).) Quintanilla asserts that newly added defendants Nelson and DCAA are citizens of Texas, as acknowledged by Nelson and as revealed by judicially noticeable Texas Secretary of State records. (*Id.* at 2; *see also* Dkt. 50-2 at 3.) Quintanilla argues that complete diversity has now been destroyed, as Quintanilla is also domiciled in Texas. (Mot. to Remand at 2.) Quintanilla asks for the case to be remanded to state court, as diversity was the sole basis for this court's removal jurisdiction. (*Id.*)

## II. Standard of Review

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). They possess only the power authorized by the Constitution and statute. *Id.*

"A defendant may remove any action from a state court to a federal court if the action could have originally been brought in federal court." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996) (citing 28 U.S.C. § 1441). But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Courts have a "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand." *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 336 (4th Cir. 2008). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

District courts have diversity jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Additionally, diversity jurisdiction requires "complete diversity," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citation omitted).

## III. Analysis

It is clear that the court must remand this action to state court. Complete diversity existed at the outset of the lawsuit and was the court's sole basis for subject matter

jurisdiction.[2] But complete diversity has now been destroyed with the addition of Nelson and DCAA, both of whom are domiciled in Texas. Defendants all but concede this conclusion. (Defs.' Resp. at 2 (Dkt. 60) ("Without the Nelson Defendants as parties to this suit, there is complete diversity between Plaintiff and Landstar, and this court retains jurisdiction.").)

Defendants offer only one argument against remand. Defendants note that Nelson and DCAA have filed pending motions to dismiss that—if granted—would terminate them as parties and restore complete diversity. (*Id.* at 2–3.) Thus, Defendants argue, it would be "premature" for this court to remand before first ruling on the motions to dismiss. (*Id.* at 3.)

But this argument misunderstands the nature of jurisdiction. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Al-Suyid v. Hifter*, 139 F.4th 368, 378 (4th Cir. 2025) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)). "If there [is] no jurisdiction," federal courts have "no power to do anything but to strike the case from the docket." *Mayor & Aldermen of City of Nashville v. Cooper*, 73 U.S. 247, 250 (1867). Simply put, subject matter jurisdiction is an absolute prerequisite to hearing this action. The court cannot decide Nelson and DCAA's motions to dismiss without it.

The one case that Defendants cite does not rescue its position. Defendants cite *Donaldson v. United States Department of Labor* for the proposition that a "motion to remand should be denied if the granting of a dispositive motion renders the remand unnecessary." (Defs.' Resp. at 2 (citing *Donaldson v. U.S. Dep't of Lab.*, No. CIV. A. 86-C-0088(R), 1988 WL

---

[2] At the time, the parties consisted of Quintanilla, various Landstar entities, and "John Test." Quintanilla is a Texas citizen; the Landstar defendants are citizens of Florida and Delaware; and the citizenship of "John Test" was unknown. (Mot. to Remand at 2.)

156803 (W.D. Va. Aug. 15, 1988), *rev'd*, 930 F.2d 339 (4th Cir. 1991)).) In *Donaldson*, the district court denied the Department of Labor's ("DOL") motion to remand the case back to the agency, after finding that the action could be fully resolved on a separate motion to dismiss. *Donaldson*, 1988 WL 156803, at *4.

But *Donaldson* is wholly inapposite.[3] There, DOL asked to remand a wage dispute back to the *agency* itself, because the DOL agreed with the plaintiffs and wanted to give them their sought-after relief in new administrative proceedings. *Donaldson v. U.S. Dep't of Lab.*, 930 F.2d 339, 343–44 (4th Cir. 1991). In other words, DOL's motion to remand had nothing to do the district court's jurisdiction (or lack thereof). *Id.* By contrast, Quintanilla seeks to remand to *state court* for lack of *subject matter jurisdiction*. And federal courts "must resolve" such "jurisdictional issues before considering the merits of a claim," including before considering motions to dismiss. *See Whitaker v. Monroe Staffing Servs.*, LLC, 42 F.4th 200, 206 (4th Cir. 2022).

Finally, there is no indication that Quintanilla acted strategically to destroy diversity jurisdiction and force a remand. *Wood v. Crane Co.*, 764 F.3d 316, 322 (4th Cir. 2014) ("If the plaintiff has attempted to manipulate the forum, the [district] court should take this behavior into account in determining whether . . . [to] remand . . . ." (quoting *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 357 (1988)) (cleaned up)). Instead, as Judge Hoppe previously found, Quintanilla diligently amended his complaint in good faith after learning that Nelson was the alleged driver of the tractor trailer that struck his vehicle. (*See* Dkt. 39 at 8–9.)

---

[3] It was also reversed by the Fourth Circuit. *Donaldson v. U.S. Dep't of Lab.*, 930 F.2d 339 (4th Cir. 1991).

## IV. Conclusion

For the foregoing reasons, the court will **GRANT** Quintanilla's motion to remand, (Dkt. 57), and **REMAND** this action to the Circuit Court of Frederick County. Defendants Dushawn Nelson and Defendant DCAA Trucking, Inc.'s motions to dismiss, (Dkts. 49, 51), will be **DENIED** as moot.

An appropriate Order will issue.

**ENTERED** this 23rd day of December, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE